**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| NAKIA PHILLIPS, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | )          No. 4:19-CV-3395 RLW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Movant Nakia Phillips's Memorandum in Support of Motion Pursuant to 28 U.S.C. § 2255 (ECF No. 1), that the Court construes as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. The Motion asserts five grounds for relief; three based on sentencing issues and two asserting claims of ineffective assistance of plea counsel. The United States filed a Response in opposition (ECF No. 12), and Movant filed a Reply (ECF No. 17).

This matter is fully briefed and ready for decision.  For the following reasons, Movant's § 2255 Motion will be denied in all respects.

**I.  Procedural Background**

A. Indictment & Pretrial Proceedings

On June 14, 2017, a federal grand jury indicted Phillips for the crimes of Sexual Exploitation of a Minor, also known as "Production of Child Pornography," 18 U.S.C. § 2251(a) (Count I), and Sex Trafficking of Children, 18 U.S.C. § 1591(a)(1) (Count II). (ECF No. 1.) Attorney Robert Herman (hereafter "Herman") was appointed under the Criminal Justice Act to represent Phillips. (ECF No. 9.) Phillips made an oral motion to suppress and filed a pre-trial motion to suppress the search and seizure of his cell phones, which contained evidence of the

crimes. (ECF Nos. 17, 24.) The Magistrate Judge held an evidentiary hearing  on the motions on October 2, 2017. (ECF No. 34.) The Magistrate Judge filed a Report and Recommendation on November 6, 2017, that recommended the first pre-trial motion to suppress evidence be denied. (ECF No. 40.) This Court adopted the Report and Recommendation over Phillips' objections on December 4, 2017, and denied the motions to suppress. (ECF No. 47.). This Court set the case for trial on January 8, 2018 (ECF No. 44), but later granted Phillips' oral motion to continue the trial date and reset it to March 13, 2018. (ECF No. 54.)

On February 22, 2018, a federal grand jury returned a superseding indictment against Phillips that contained three counts of Production of Child Pornography, 18 U.S.C. § 2251(a) (Counts I-III), and one count of Sex Trafficking of Children, 18 U.S.C. § 1591(a)(1) (Count IV). (ECF No. 75.) Phillips then filed a new pre-trial motion to suppress his ZTE cell phone, under different theories than he previously raised. (ECF No. 77.) Phillips supplemented the motion to suppress his ZTE cell phone. (ECF No. 93). Phillips filed a third motion to suppress evidence from his ZTE cell phone on March 23, 2018. (ECF Nos. 105, 106.) Magistrate Judge David D. Noce held evidentiary hearing on April 3, 2018, on these motions to suppress evidence from Phillips' ZTE cell phone. (ECF No. 108.) Phillips filed post-hearing briefing. (ECF No. 112.) Judge Noce filed a Second Order and Recommendation on July 2, 2018. (ECF No. 124).

Magistrate Judge Noce concluded that the original state search warrant on the ZTE cell phone was defective, but that the federal search warrant for the ZTE cell phone and the probation office's search of the ZTE cell phone were legal and the evidence on the ZTE cell phone was admissible at trial. (ECF No. 124.) This Court adopted the Second Report and Recommendation over Phillips' objections and denied all of the motions to suppress. (ECF No. 129.) The Court set case for trial on October 1, 2018. (ECF No. 131.)

B. Related Supervised Release Case

On August 12, 2012, Phillips pleaded guilty in this Court to the crime of Failure to Register as a Sex Offender, in Case No. 4:12-CR-161 JAR (E. D. Mo) (ECF No. 33).[1] District Judge John A. Ross sentenced Phillips to twenty-four months of imprisonment and a ten-year term of supervised release. Phillips was still on supervised release in Case No. 4:12-CR-161 JAR in 2017. Judge Ross held a final supervised release revocation hearing on March 8, 2018. (ECF No. 162.) Phillips' alleged violation of supervised release was based on the conduct forming the basis of the charges in Phillips' criminal case, 4:17-CR-273 RLW (E.D. Mo.). After a contested evidentiary hearing, Judge Ross found Phillips in violation of the conditions of supervised release, revoked his term of supervised release, and sentenced him to ten (10) years in prison and a lifetime term of supervised release. (ECF No. 168.)

C. Guilty Plea Agreement

Ultimately, the parties in this case negotiated a written plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and a change of plea hearing was held on September 18, 2018. (ECF No. 138.) As part of the plea agreement, Phillips signed a Waiver of Indictment (ECF No. 137) and the government filed a Superseding Information (ECF No. 136), which contained three counts of Possession of Child Pornography. Thus, the government agreed to dismiss Count IV, Sex Trafficking of Children, and agreed to reduce the Production of Child Pornography counts to the lesser offense of Possession of Child Pornography, in exchange for defendant's voluntary plea to the Superseding Information. (ECF No. 139 at 2.) Further, the plea agreement stated with regard to Phillips' sentence:

---

[1] The references in this Section B. to documents in the Court's electronic case filing system are to Case No. 4:12-CR-161 JAR. All other references in the Procedural Background section of this Memorandum and Order to documents in the electronic case filing system are to Case No. 4:17-CR-273 RLW.

**the parties jointly agree that the defendant should be sentenced to 264 months of imprisonment. Specifically, the parties jointly agree that the sentence will be 132 months in prison on Count One to run consecutively to 132 [months] in prison on Count II for a total of 264 months in prison. The parties agree that the sentence on Count III should be 240 months to run concurrently with Counts I and II. The parties further agree that the sentence of 264 months in prison is to run concurrent to the sentence imposed by Judge John Ross in cause 4:12CR0161 JAR.**

(ECF No. 139 at 2) (emphasis in original).

At the plea hearing, Phillips was placed under oath and the Court asked him a series of questions to determine if the plea was knowing and voluntary and had a factual basis. (Plea Tr., ECF No. 184 at 3, 4-9.) Phillips admitted he was satisfied with Herman's representation of him and did not feel there was anything his attorney should have done but did not do in representing him. (Id. at 9.) Phillips stated that he had reviewed the plea agreement and discussed it with his attorney before he signed it, that everything in the plea agreement was true to the best of his knowledge and understanding, and that there was nothing in the plea agreement he did not agree with or did not understand. (Id. at 11-12.)

The Court questioned Phillips about his agreement to waive his appeal, post-conviction, and habeas corpus rights:

COURT: I want you to look at Page 10, Section 7(A)(2) where it says "Sentencing Issues." In the event the Court accepts the plea and, in sentencing the Defendant, follows the sentencing agreement in Paragraph 2, then as part of this Agreement, the parties hereby waive all rights to appeal all sentencing issues.

Mr. Phillips, this means that if I sentence you in accordance with the Agreements by the parties, that both sides are agreeing to waive their right to appeal. Do you understand that?

PHILLIPS: Yes, sir.

COURT: Also on Page 10 is Section 7(B). It says you're giving up your right to file a habeas corpus or a post-conviction motion which is a motion where you could come back to me and say you thought your rights had been violated in these proceedings. You're giving up that right unless you later find out something you believe is prosecutorial misconduct or ineffective assistance of counsel. Do you understand what you're giving up here, sir?

PHILLIPS: Yes, sir.

(Plea Tr., ECF No. 184 at 21- 22.)

The Court accepted Phillips' plea, finding that Phillips was competent to enter the plea, knew his rights and was entering a guilty plea voluntarily, and the plea had a factual basis that contained all of the elements of the crime to which Phillips was pleading guilty. (Plea Tr., ECF No. 184 at 25.)

Phillips later filed two pro se motions to withdraw his guilty plea. (ECF Nos. 143, 144.)

D. Sentencing

The sentencing hearing was held on December 19, 2018. At the start of the hearing, the Court took up Phillips' motions to withdraw his guilty plea. (Sent. Tr., ECF No. 170, at 2-3.) Phillips argued that his plea should be withdrawn due to violations of his Fourth Amendment rights, newly discovered evidence, and an unspecified affirmative defense. (Id. at 3-8.) The government made arguments and factual statements in opposition.

The Court found that Phillips could not show there was any newly discovered evidence, concluded that Phillips had not met the burden of showing his plea was unfair or unjust, and denied the pro se motions to withdraw the plea. (Id. at 9.) The Court then heard and denied Phillips' objections to the Pre-Sentence Report. (Id. at 10-12.)

The Court heard statements in mitigation by Mr. Herman and Phillips, heard statements of the victim and her mother, and the government attorney's statement. (Id. at 14-18.) The Court sentenced Phillips in accordance with the plea agreement to a sentence of 264 months imprisonment, consisting of a term of 132 months on Count I, a term of 132 months on Count II, consecutive to Count I; and a term of 240 months on Count III, to run concurrently with Counts I and II, and lifetime supervision. The sentence was to run concurrently with the sentence imposed

with Docket No. 4:12-CR-00161-1(JAR), pursuant to the binding plea agreement. (Id. at 19; ECF Nos. 157, 158.)[2]

E. Post-Sentencing Activity

Phillips filed a notice of appeal on January 2, 2019. (ECF No. 161.) Phillips' Notice of Appeal specified only one issue; that at sentencing, the Court should have granted his motion for a new trial. The government moved to dismiss the appeal on the basis that Phillips waived his right to appeal in the guilty plea agreement. The Eighth Circuit Court of Appeals agreed and dismissed Phillips' appeal. United States v. Phillips, No. 19-1045 (8th Cir. Feb. 7, 2019) (ECF No. 172). Phillips timely filed the instant Motion to Vacate, Set Aside, or Correct his sentence of 264 months imprisonment pursuant to 28 U.S.C. § 2255 on December 23, 2019.

**II. Grounds for Relief**

Phillips' motion asserts five grounds for relief. (ECF No. 1 at 2, 3.) The first three grounds concern the statutory sentencing range and were waived by Phillips in his guilty plea agreement. Two grounds allege the ineffective assistance of plea counsel.

Specifically, Phillips alleges that (1) a statutory sentencing range was misapplied, resulting in a miscarriage of justice; (2) Missouri Revised Statutes §§ 566.034(1) and 566.064(1) are categorical mismatches for generic statutory rape at the federal level; (3) a statutory sentencing enhancement pursuant to 18 U.S.C. § 2252A(b)(2) was erroneously applied, violating Phillips' due process rights and rendering his Phillips' guilty plea involuntary and unintelligent; (4) trial counsel was ineffective for not catching and challenging these sentencing errors; and (5) trial

---

[2]As a result of clerical error, the original Judgment (ECF No. 158) entered in Case No. 4:17-CR-273 RLW did not include language stating that the sentence was to run concurrent with the sentence imposed in Case No. 4:12-CR-161 JAR. Phillips brought this to the Court's attention by letter in April 2022 (ECF No. 186). The Court ordered an Amended Judgment to be prepared to correct the error, pursuant to Rule 36, Fed. R. Crim. P. An Amended Judgment was issued on May 24, 2022 (ECF Nos. 188, 189).

counsel was ineffective for not advising Phillips of viable legal theories and defenses that could have resulted in acquittal or a plea for a lesser-charged offense. (ECF No. 2-3, 3-4.)

## III. Legal Standards

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

To prove ineffective assistance of counsel, a defendant must demonstrate both that (1) his attorney's performance "fell below an objective standard of reasonableness," and (2) he was prejudiced as a result.  Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Id. at 689. If a defendant can meet the first part of the Strickland test, he must still show that counsel's deficient performance prejudiced him. "Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result would have been different." Jackson v. United States, 956 F.3d 1001, 1006 (8th Cir. 2020) (quoted case omitted).

Generally, to establish prejudice where a defendant has entered a guilty plea, "the petitioner must show 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" United States v. Frausto, 754 F.3d 640, 643 (8th Cir. 2014) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). In some circumstances, a defendant who pleads guilty may establish prejudice under the second Strickland factor by

showing he would have received a lesser sentence absent his counsel's ineffective assistance.  The Eighth Circuit has held that "[t]he "Strickland factors apply to claims arising from plea negotiations and the second prong is satisfied if accepting a plea offer would have resulted in a lesser sentence." Love v. United States, 949 F.3d 406, 409 (8th Cir.), cert. denied, 141 S. Ct. 576 (2020) (cited cases omitted).

"'Surmounting Strickland's high bar is never an easy task,' Padilla v. Kentucky, 559 U.S. 356, 371 (2010), and the strong societal interest in finality has 'special force with respect to convictions based on guilty pleas.' United States v. Timmreck, 441 U.S. 780, 784 (1979)." Lee v. United States, 137 S. Ct. 1958, 1967 (2017). "Judges should . . . look to contemporaneous evidence to substantiate a defendant's expressed preferences." Id. "While a guilty plea taken in open court is not invulnerable to collateral attack in a post-conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (quoted case omitted). Here, during the plea hearing Phillips stated that he was satisfied with his lawyer and that no threats or promises had been made to induce him to plead guilty. Phillips also admitted his guilt and volunteered statements that confirmed that admission. Phillips has a heavy burden to overcome those admissions and show that his plea was involuntary. See Blackledge v. Allison, 431 U.S. 63, 72-74 (1977); Nguyen, 114 F.3d at 703.

"A § 2255 motion 'can be dismissed without a hearing if (1) the [movant]'s allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

**IV. Discussion**

    A. <u>Grounds One, Two, and Three – Sentencing Issues</u>

    As stated above, Phillips asserts in these grounds that (1) a statutory sentencing range was misapplied, resulting in a miscarriage of justice; (2) Missouri Revised Statutes §§ 566.034(1) and 566.064(1) are categorical mismatches for generic statutory rape at the federal level; (3) a statutory sentencing enhancement pursuant to 18 U.S.C. § 2252A(b)(2) was erroneously applied, violating Phillips' due process rights and rendering his Phillips' guilty plea involuntary and unintelligent

    The government asserts that these grounds should be denied because they were waived in Phillips' plea agreement. It also asserts that the grounds fail on their merits.

    1. <u>Waiver</u>

    "A defendant may waive the right to seek collateral relief under § 2255." <u>Ackerland v. United States</u>, 633 F.3d 698, 701 (8th Cir. 2011). "Such a waiver is enforceable when the claim raised falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and waiver, and enforcement of the waiver would not result in a miscarriage of justice." <u>Id.</u> (quoting <u>United States v. Andis</u>, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc)).

    The plea agreement in the underlying criminal case included the following express waiver of Phillips' post-conviction rights: "<u>Habeas Corpus</u>: The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." (ECF No. 139 at 107, ¶ 7.b.) This provision would appear to bar Phillips' claims in the § 2255 motion related to his sentence.

    The Eighth Circuit has established certain exceptions to appeal waivers, however. "For example, defendants cannot waive their right to appeal an illegal sentence or a sentence imposed in violation of the terms of an agreement." <u>DeRoo v. United States</u>, 223 F.3d 919, 925 (8th Cir.

2000) (citing United States v. Michelsen, 141 F.3d 867, 872 (8th Cir. 1998)). "An unlawful or illegal sentence is one imposed without, or in excess of, statutory authority." Sun Bear v. United States, 644 F.3d 700, 704-05 (8th Cir. 2011) (en banc) (cited cases omitted). "In addition, the decision to be bound by the provisions of the plea agreement, including the waiver provisions, must be knowing and voluntary." Id. (citing United States v. Morrison, 171 F.3d 567, 568 (8th Cir. 1999).

Here, Phillips' guilty plea agreement includes a waiver of the right to file a habeas corpus or a post-conviction motion, except for claims of prosecutorial misconduct or ineffective assistance of counsel. Phillips contends, however, that contends that his sentence was illegal and his plea and waiver were not knowing and voluntary as a result of ineffective assistance of counsel. The Court therefore examines the merits of his sentencing grounds to determine if the waiver should be enforced.

### 2.   Cognizability of Phillips' Sentencing Grounds

Sentencing errors are generally not cognizable in § 2255 proceedings. See Sun Bear, 644 F.3d at 704-05. "Collateral proceedings under 28 U.S.C. § 2255 cannot be made to do service for an appeal." Auman v. United States, 67 F.3d 157, 161 (8th Cir. 1995) (quoted case omitted). Section 2255 does provide relief, however, for cases in which "the sentence was in excess of the maximum authorized by law[.]" 28 U.S.C. § 2255(a).

Phillips contends that the statutory sentencing enhancement in 18 U.S.C. § 2252A(b)(2) was erroneously applied based on his prior Missouri convictions for second-degree statutory rape and second-degree statutory sodomy, and improperly increased his maximum sentence from ten years to twenty years. As a result, Phillips' sentencing claims arguably raise a constitutional issue cognizable under § 2255. The Court will therefore address the substance of Phillips' sentencing claims.

### 3. Claim of Trial Court Error

Although not set out in the § 2255 motion as a separate ground, Phillips alleges "the trial court violated Rule 11(b)(1) by misinforming him about the mandatory maximum and minimum penalty ranges" (ECF No. 1 at 20-21). If a claim could have been raised on direct appeal but was not, it is procedurally defaulted and cannot be raised in a § 2255 motion unless the "defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." Becht v. United States, 403 F.3d 541, 545 (8th Cir. 2005) (quoting Bousley v. United States, 523 U.S. 614, 622, (1998) (internal quotations and citations omitted)). This claim could have been raised on direct appeal, but was not. Phillips filed an appeal that was dismissed because of the language of the appeal waiver in his guilty plea agreement. Thus, Phillips procedurally defaulted this claim. Phillips has not asserted cause and prejudice for the failure, nor does he assert actual innocence. This claim is procedurally barred and will be dismissed.

### 4. Analysis of Merits of Sentencing Grounds

Phillips asserts that his sentence was an illegal sentence because his prior conviction for Missouri second-degree statutory rape and second-degree statutory sodomy was misapplied. (ECF No. 1 at 9, 10.)

Phillips was originally charged with Production of Child Pornography, also titled Sexual Exploitation of Children) under 18 U.S.C. § 2251. The range of punishment for a violation of this section is a mandatory minimum sentence of fifteen (15) years imprisonment with a maximum sentence of thirty (30) years imprisonment, followed by a term of at least five years to lifetime supervised release. The statute also includes a provision that enhances the sentence where the person has a prior qualifying conviction. Section § 2251(e) provides:

> Any individual who violates, or attempts or conspires to violate, this section shall be fined under this title and imprisoned not less than 15 years nor more than 30 years, but if such person has one prior conviction under this chapter, section 1591 . . . or under the laws of any State relating to aggravated sexual abuse, sexual

abuse, abusive sexual contact involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 25 years nor more than 50 years[.]

18 U.S.C. § 2251(e).

Under Section 2251(e), Phillips' conviction for Missouri second-degree statutory rape and second-degree statutory sodomy qualified him for the enhanced sentencing range of twenty-five to fifty years in prison after conviction.

Phillips and his attorney negotiated with the government and ultimately agreed to a sentence of twenty-two (22) years in prison, which was below the mandatory minimum sentence (25 years) to which Phillips was subject as a result of his prior conviction. The parties agreed that Phillips could plead guilty to a lesser-included crime in a superseding information, where the mandatory minimum sentence was not as high. (Plea Tr., ECF No. 184 at 2:7-24; 3:5-14.) Phillips agreed as part of his plea agreement that his prior state conviction for statutory rape increased the mandatory minimum sentencing range for his crimes. (Plea Agreement, ECF No. 139 at 7, ¶ 5.) After the government filed a superseding information, Phillips pled guilty to three counts of Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(b), with one count to run consecutive for a total sentence of twenty-two (22) years in prison.

Similar to Section 2251(e), the Possession of Child Pornography statute, Section 2252(b)(2), includes a provision that enhances the sentence where the person has a prior conviction based on a qualifying prior conviction. Section 2252(b)(2) of 18 U.S.C. provides:

Whoever violates, or attempts or conspires to violate, paragraph (4) of subsection (a) shall be fined under this title or imprisoned not more than 10 years, or both, but if such person has a prior conviction ... under the laws of any State *relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward*, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years.

(Emphasis added).[3]

The Eighth Circuit discussed this statutory enhancement in United States v. Stults, 575 F.3d 834 (8th Cir. 2009), and explained the analysis to determine when the enhancement applies. "Unlike other sentencing enhancement provisions that specify a prior conviction must contain a certain element, § 2252(b)[(2)] contains no explicit reference to elements." Id. at 845 (quoting United States v. Weis, 487 F.3d 1148, 1151 (8th Cir. 2007)). "Thus, the relevant 'question is whether an offense is one "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor," not whether any specific element is present.'" Id. (quoting Weis, 487 F.3d at 1151-52). Courts "apply a categorical approach '[t]o determine whether the prior offense qualifies as a predicate offense for the purpose of a sentence enhancement.'" Id. (quoting United States v. Sonnenberg, 556 F.3d 667, 669-70 (8th Cir. 2009)). "Under this approach, the sentencing court looks to the fact of conviction and the statutory definition of the prior offense and determines whether the full range of conduct encompassed by the state statute qualifies to enhance the sentence." Id. at 845 (quoting Sonnenberg, 556 F.3d at 670).

The Eighth Circuit explained, "A prior conviction 'relates to' aggravated sexual abuse, sexual abuse, or abusive sexual contact 'whether or not the statute under which [the defendant] was convicted required actual harm.'" Id. (quoting Weis, 487 F.3d at 1152). "The phrase 'relating to' carries a 'broad' 'ordinary meaning,' i.e., 'to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with ....'" Id. (quoting Weis, 487 F.3d at 1152). "Given the broad meaning of 'relating to'" in § 2252(b)(2), the Eight Circuit held in Stults that the defendant's "conviction for attempted sexual assault of a child in the second degree

_____

[3]The language in Sections 2252(b)(2) and 2252A(b)(2) is identical. Phillips' enhancement was under 2252A(b)(2).

clearly 'stands in some relation to' or 'pertains to' the crimes of aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor." Id. at 846.

"For a state conviction to relate to sexual abuse of a minor, it must relate to the 'physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification.'" United States v. Linngren, 652 F.3d 868, 869–70 (8th Cir. 2011) (quoting Sonnenberg, 556 F.3d at 671). In Sonnenberg, the Eighth Circuit "applied a categorical approach to determine whether a prior state conviction served to enhance a sentence under § 2252(b)(1)," and "held that if the full range of conduct encompassed by the state criminal statute related to sexual abuse, then the fact of conviction and the statutory definition establish by themselves that the enhancement applies." Id. (citing Sonnenberg, 556 F.3d at 669-70). Thus, the Court must "determine whether the full range of conduct proscribed by" the Missouri Revised Statutes §§ 566.034 and 566.064 "relat[e] to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward" as set forth in § 2252A(b)(2). United States v. Mayokok, 854 F.3d 987, 992 (8th Cir. 2017).

At the time of Phillips' conviction in 2000, the Missouri statutes concerning second-degree statutory rape and second-degree statutory sodomy provided as follows, in their entirety:

> 1. A person commits the crime of statutory rape in the second degree if being twenty-one years of age or older, he has sexual intercourse with another person who is less than seventeen years of age.

> 2. Statutory rape in the second degree is a class C felony.

§ 566.034, Mo. Rev. Stat. (2000).

> 1. A person commits the crime of statutory sodomy in the second degree if being twenty-one years of age or older, he has deviate sexual intercourse with another person who is less than seventeen years of age.

> 2. Statutory sodomy in the second degree is a class C felony.

§ 566.064, Mo. Rev. Stat. (2000).

The quoted statutory language shows that the full range of conduct encompassed by both statutes relates only to sexual abuse. In other words, the statutes only criminalize conduct that would qualify a defendant for the enhancement. As a result, the fact of Phillips' conviction and the statutory definitions establish by themselves that the § 2252A(b)(2) enhancement applies. See Sonnenberg, 556 F.3d at 669-70. Phillips' conviction qualifies for the § 2252A(b)(2) enhancement because the conduct categorically "relates to" aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor. The facts of Phillips' conviction are irrelevant to the analysis.

Phillips argues that his sentence is illegal because his prior conviction under Missouri law for second-degree statutory rape and sodomy is categorically overbroad when compared to the elements of the federal offense of Sexual Abuse of a Minor, 18 U.S.C. § 2243, and to the "generic crimes of aggravate[d] sexual abuse, sexual abuse and, abusive sexual conduct involving a minor or ward" in §§ 2251 and 2252A. (ECF No. 1 at 13-15; Reply, ECF No. 17 at 2-3.) In support, Phillips cites Mathis v. United States, 579 U.S. 500 (2016) (application of the categorical approach), and United States v. Esquivel-Quintana, 585 U.S. 385 (2017). Phillips also argues that the Eighth Circuit's decisions in Stults and Sonnenberg, "although controlling in some instances, appear to be out of step with the Supreme Court's rulings in Lockhart v. United States, [577 U.S. 347], 136 S. Ct. 958 (2016) and Mellouli v. Lynch, [575 U.S. 798], 135 S. Ct. 1980) (2015)." (ECF No. 17 at 2.)

Phillips' arguments run squarely into the reasoning and holdings of controlling Eighth Circuit precedent in Stults and Sonnenberg discussed above. With respect to Lockhart, the Eighth Circuit observed that "[t]he Supreme Court in Lockhart took 'no position on the meaning of the terms "aggravated sexual abuse," "sexual abuse," and "abusive sexual conduct." 136 S. Ct. at 965.'" United States v. Krebs, 830 F.3d 800, 802 (8th Cir. 2016). As a result, the Eighth Circuit concluded, "We see no warrant in Lockhart to reconsider Sonnenberg." Id.

The Supreme Court's Esquivel-Quintana decision similarly does not control here or offer support to Phillips' position. Although it does not appear the Eighth Circuit has addressed the issue, other circuit courts of appeals have rejected the argument that Esquivel-Quintana controls analysis of the § 2252A(b)(1) enhancement because it concerns a different statute with language that differs in material respects. The Fourth Circuit explained:

> [In Esquivel-Quintana], the Supreme Court considered whether statutory rape [under California law] amounted to "sexual abuse of a minor," thus making Esquivel-Quintana deportable for a prior conviction of an aggravated felony under the Immigration and Nationality Act ("INA"). Esquivel-Quintana, 137 S. Ct. at 1567. Critically, however, unlike § 2252A(b)(1), the INA contained no statutory definition of the term "minor" to guide the Supreme Court's analysis. Id. at 1569. In the absence of a statutory definition of "minor," the Supreme Court had to ascertain the meaning of "sexual abuse of a minor" utilizing principles of statutory interpretation. See id. Based on the language of the statute and the term "minor" as ordinarily understood and defined, the Court held "the general consensus from state criminal codes points to the same generic definition as dictionaries and federal law: Where sexual intercourse is abusive solely because of the ages of participants, the victim must be younger than 16." Id. at 1572.
>
> Esquivel-Quintana, however, does not control our analysis of the § 2252A(b)(1) enhancement. Esquivel-Quintana was interpreting an entirely different statute—the INA, which does not define "minor." We see no reason to substitute the definition Congress provided for the term "minor" in § 2252A(b)(1) with a definition reached in interpreting an entirely different statute which did not define that term.
>
> Further, in addition to not defining "minor" as a person under eighteen, the INA differs from § 2252A(b)(1) in another important way. The INA makes an alien deportable for conduct that, in fact, amounts to "sexual abuse of a minor." See 8 U.S.C. § 1101(a)(43)(A). Section 2252A(b)(1), in contrast, applies to conduct that relates to abusive sexual conduct involving a minor. As described above, by using "relating to," Congress cast a wider net in § 2252A(b)(1) than it did in the INA.

United States v. Hardin, 998 F.3d 582, 589-90 (4th Cir. 2021).

The Fifth Circuit recently held that Esquivel-Quintana did not control whether a Texas prior conviction criminalized more conduct than 18 U.S.C. § 2251(e), which contains similar language to § 2252A(b)(2),[4] explaining as follows:

---

[4]The provision of § 2251(e) reads, in relevant part:

"Unlike the immigration statute at issue in <u>Esquivel-Quintana</u>, 18 U.S.C. § 2256 unambiguously defines 'minor', as used in § 2251(e), as 'any person under the age of eighteen years.'" <u>United States v. Bennett</u>, 824 F. App'x 236, 238 (5th Cir. 2020) (unpublished), <u>cert.</u> <u>denied</u>, __ U.S. __, 141 S. Ct. 1109, 208 L.Ed.2d 554 (2021). We adopt that reasoning. <u>Accord</u> <u>United States v. Hardin</u>, 998 F.3d 582, 590 (4th Cir. 2021) (holding <u>Esquivel-Quintana</u> "does not control [the] analysis" of a similar enhancement provision because it "was interpreting an entirely different statute—the INA, which does not define 'minor'"). We are not dealing here with a generic federal definition of "sexual abuse of a minor," but with a statutory definition. <u>See</u> § 2256(1). And that definition confirms that the Texas offense at issue does not criminalize more conduct that the federal predicate in § 2251(e).

<u>United States v. Grzywinski</u>, 57 F.4th 237, 240 (5th Cir. 2023). The Court finds these decisions from the Fourth and Fifth Circuits persuasive and adopts their reasoning.

The Fourth Circuit in <u>Hardin</u> also explained that another authority argued by Phillips, "sexual abuse of a minor" under 18 U.S.C. § 2243, similarly does not control the analysis of the § 2252A(b)(a) enhancement, because § 2243 contains a different definition of "minor" than § 2252A(b)(1). The Fourth Circuit explained that in § 2243—

Congress did provide a definition: "sexual abuse of a minor" amounts to "knowingly engag[ing] in a sexual act with another person who—(1) has attained the age of 12 years but has not attained the age of 16 years; and (2) is at least four years younger than the person so engaging." 18 U.S.C. § 2243(a). But that statute hardly supports [defendant's] position. To the contrary, § 2243(a) indicates Congress knows how to limit sexual abuse of a minor to victims under sixteen. Despite that, it defined "minor" in § 2256(1) as persons under eighteen. *The fact that Congress elected to define "minor" differently in statutes, if anything, suggests that Congress knowingly cast a wider net for the recidivist enhancement than it did for the statute codifying a direct offense*. It is not our job to narrow Congress's net or compel definitional consistency across unrelated legislation. Additionally, like the INA, 18 U.S.C. § 2243 describes conduct that *amounts to* sexual abuse of a minor, not conduct that *relates to* sexual abuse of a minor. *Thus, its reach is narrower than § 2252A(b)(1)*.

---

[I]f [the defendant] has one prior conviction under ... the laws of any State relating to aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be ... imprisoned for not less than 25 years nor more than 50 years[.]

18 U.S.C § 2251(e).

Hardin, 998 F.3d at 590 (emphases added). This Court concurs with this analysis.

With respect to Phillips' arguments concerning Mathis, the Eighth Circuit has stated that "much of the discussion from cases like Mathis . . . is inapposite to § 2252." Mayokok, 854 F.3d at 993 n.2. This is because the question under § 2252 "is not whether the statutes criminalize exactly the same conduct, but whether the full range of conduct proscribed under [the state statute of the predicate conviction] relates to" the language of § 2252. In Mayokok, the Eighth Circuit distinguished Mathis based on the difference in language between in the statute at issue in Mathis, the Armed Career Criminal Act, and that of § 2252(b)(2):

> The 15–year mandatory minimum provided by the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), is imposed when an individual violates § 922(g) "and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony." A "violent felony" is further defined as, inter alia, "any crime ... that ... is burglary." Id. § 924(e)(2)(B)(ii). Given Congress's use of the concrete terms like "for a violent felony" and "is," the Court's specification that "[a] crime counts as 'burglary' under the Act if its elements are the same as, or narrower than, those of the generic offense" is less than surprising. Mathis, 136 S. Ct. at 2248. Here, by contrast, Congress used the modifier "relating to," and "[w]e must assume" that it did so "for a purpose." Sonnenberg, 556 F.3d at 671 (alteration in original) (internal quotation marks omitted). Given the Court's broad interpretation of this phrase in other contexts, see, e.g., Morales v. Trans World Airlines, Inc., 504 U.S. 374, 383 (1992), the Congressional purpose was to subject a wider range of prior convictions to the § 2252(b)(1) enhancement.

Mayokok, 854 F.3d at 993 n.2 (parallel citations omitted).

Finally, Phillips' arguments challenging the continued validity of Eighth Circuit precedent and urging a narrower interpretation of the statutory phrase "relating to" based on Mellouli are not persuasive. In Mellouli, the Supreme Court held that a Tunisian citizen was not removable from the United States because of a state drug paraphernalia offense where the state offense criminalized paraphernalia for more substances than were included on the federal list of controlled substances. 575 U.S. at 813. Significantly, Mellouli was not decided on the definition of "relating to," but instead on the removal statute's text and history. At issue was whether an alien's state drug

paraphernalia conviction triggered his removal under an immigration statute, 8 U.S.C. § 1227(a)(2)(B)(i). This statute provides that an alien can be removed if "convicted of a violation of ... any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21)." Id. The relevant state law definition of "controlled substances" included several that were not on the federal list. The Supreme Court held that § 1227(a)(2)(B)(i) is limited to predicate convictions involving only those substances defined in 21 U.S.C. § 802. Id. at 813.

The Supreme Court recognized that the phrase "relating to" is generally "broad and indeterminate," id. at 811 (citing Maracich v. Spears, 570 U.S. 48, 59 (2013)), but stated that "those words, extended to the furthest stretch of their indeterminacy, stop nowhere. Context, therefore, may tug in favor of a narrower reading." Id. at 812 (cleaned up). The Court concluded that in the context of the text and history of § 1227(a)(2)(B)(i), the meaning of "controlled substance" for removal purposes was limited to those substances controlled under § 802. Id. at 812-13.

The Tenth Circuit has squarely rejected the argument that Mellouli undermines precedent holding that the phrase "relating to" broadens § 2252A. United States v. Bennett, 823 F.3d 1316, 1322-25 (10th Cir. 2016). The Tenth Circuit reasoned that "neither the text nor the history of the enhancement statute, 18 U.S.C. § 2252A(b)(2), suggest that Congress intended to reference only state child pornography offenses that match the federal child pornography offense in the same way Congress intended to reference only state drug offenses involving substances defined in § 802." Id. at 1322-23.

Further, after Mellouli, the Eighth Circuit has affirmed that the proper interpretation of "relating to" remains broad in the context of § 2252A(b)(2) and similar statutes. See United States v. Sumner, 816 F.3d 1040, 1043-44 (8th Cir. 2016) (affirming the broad interpretation of "relating to" from Weis, 487 F.3d at 1152, in connection with a sentence enhancement under § 2252(b)(1));

Mayokok, 854 F.3d at 993 (citing Bennett; affirming the broad ordinary meaning of "relating to" from Sonnenberg, 556 F.3d at 671, in connection with § 2252(b)(1)); United States v. Box, 960 F.3d 1025, 1027 (8th Cir. 2020) (following Mayokok, affirming the broad meaning of "relating to" in § 2252A(b)(1)).[5]

For the foregoing reasons, the § 2252A(b)(1) enhancement was properly applied to Phillips' sentence based on his prior Missouri second-degree statutory rape and sodomy conviction. Phillips' sentence was not illegal, he was not deprived of due process, and there was no miscarriage of justice. Nor was Phillips' guilty plea involuntary, unknowing, or unintelligent. Consequently, the sentencing claims in Grounds One, Two, and Three do not concern an illegal sentence and are barred by the waiver provision in the guilty plea agreement. These grounds will be dismissed.

B. Ground Four – Ineffective Assistance

In Ground Four, Phillips asserts that his plea counsel was ineffective for failing to identify and challenge the sentencing errors he raises in Grounds One, Two and Three. Because the Court finds that no sentencing errors occurred, Phillips' counsel was not ineffective for failing to argue otherwise, as such argument would have lacked merit. Counsel will not be held ineffective for failing to make a meritless argument.  See Thomas v. United States, 951 F.2d 902, 904 (8th Cir. 1991). Further, for the reasons discussed above with respect to his sentencing grounds, Phillips cannot show prejudice. Ground Four will be denied.

---

[5]In United States v. Hansen, 944 F.3d 718, 722 (8th Cir. 2019), the Eighth Circuit noted an apparent circuit split with respect to Mellouli's effect on the use of "relating to" in 18 U.S.C. § 2252A(b)(2).

C.  Ground Five – Ineffective Assistance

In Ground Five, Phillips asserts that his plea counsel was ineffective for not advising Phillips of viable legal theories and defenses that could have resulted in acquittal or a plea for a lesser-charged offense.

As a threshold matter, Phillips stated under oath at his change of plea hearing that he was satisfied with Mr. Herman's representation of him in the case, and that there was nothing Phillips felt his attorney should have done but did not do in representing him. (Plea Tr., 4:17-CR-273 RLW, ECF No. 184 at 9:4-15.) Particularly in the context of a guilty plea, this kind of contemporaneous sworn testimony is strong evidence of Phillips' expressed preferences, as opposed to his after-the-fact assertions raised on a motion to vacate. See Lee, 137 S. Ct. at 1967.

1.  Failure to Pursue "Unallocated Space" Defense

Phillips argues that his attorney failed to pursue a defense that "he could not have been said to have knowing possession, dominion, or control, whether actual or constructive, of images recovered from unallocated space" in his smartphone (ECF No. 1 at 23-26). Phillips asserts that videos and images at issue in his criminal prosecution were recovered from unallocated space in his ZTE smartphone using special software that he did not possess. Phillips asserts this means that the videos and images had been deleted, and he states he never admitted viewing or possessing the items recovered from his smartphone's allocated space. Phillips contends the government "did not have the requisite amount of evidence to carry its burden of proof," and his "attorney should have known this and advised him of it to proceed to trial."(Id. at 26.)

An image or video becomes "unallocated" on a cell phone when it is deleted by the user. See United States v. McArthur, 573 U.S. 608, 612 n.4 (8th Cir. 2009) (explaining "unallocated" and "allocated" space in the context of a computer's hard drive). When deleted, the image does not fully delete from the cell phone, but is moved by the device into "unallocated" space on the

phone's memory where it is available to be overwritten, rather than in "allocated" space. Id. While the presence of the images and the videos in unallocated rather allocated space, "can raise serious issues of inadvertent or unknowing possession . . . these are issues of fact, not of law." United States v. Hensley, 982 F.3d 1147, 1157 (8th Cir. 2020) (quoted case omitted).

In pertinent part, the Phillips' guilty plea agreement states:

> As to Counts One, Two and Three, the defendant admits to knowingly violating Title 18, United States Code, Section 2252A(a)(5)(B), and admits there is a factual basis for the plea and further fully understands that the elements of the crime of Possession of Child Pornography which he admits to knowingly committing and for which he admits there is a factual basis are: (1) defendant knowingly possessed material that contained images of child pornography, (2) which were visual depictions where the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depictions were of a minor engaging in sexually explicit conduct, and (3) those images are contained on material that has been transported in interstate and foreign commerce and were themselves transported in interstate and foreign commerce.

(ECF No. 139 at 2-3, ¶ 3.)

Summary of Facts:

> The evidence will show that the defendant be-friended a fifteen year old female child. He then forced the fifteen year-old into prostitution, as well as, made the child commit sex acts on him. The defendant used his ZTE-brand cell phone to take sexually explicit pictures of the child's genitals, and to produce videos of the child engaged in sex acts. That ZTE cell phone was produced outside of the state of Missouri and has traveled in interstate commerce.

(Id. at 3, ¶ 4.)

Detailed Facts:
. . . .
The defendant's car was impounded. Three cell phones were seized from his car.

> On February 6, 2017, the cell phones were taken to US Probation and Parole because the defendant was on federal supervised release. USPO Steve Holmes analyzed the phones and found images of victim S.J's genitals. Also on the phone was a text message from "SJ" referring to the defendant making her perform sex acts for money. An examination of the internet history on the phone revealed activity on the website "backpages.com" for escorts in St. Louis, Southwest Missouri, Chicago, Memphis and Atlanta. Emails on the cell phone showed defendant created a backpages.com account. Further, when reviewing the phone, probation officer Holmes also saw SMS messages that were indicative of drug

activity. There is a series of text or SMS messages on the cell phone that are dated between August 11, 2016 and September 7, 2016, that are in reference to the defendant selling marijuana.

On March 16, 2017, FBI Special Agent Nikki Badolato applied for a search warrant to search the defendant's ZTE smart cell phone and it was authorized by Magistrate Judge Nannette Baker. The ZTE cell phone was taken to the FBI computer forensic examiner David Howe for examination. On the defendant's ZTE cell phone, Examiner Howe located images of S.J. in a lascivious display of her genitals, a video of S.J. performing oral sex on a male (later identified as the defendant), two videos of S.J. engaged in sexual intercourse with a male (later identified as the defendant), and a video depicting S.J.'s genitals. Also on the cell phone were text messages between the defendant and S.J. that reference S.J. having to have sex for money. Also, there is a text messages exchange between the defendant and Brandi, in which Brandi confronts the defendant about his "underage girlfriend." There is also a text message to the defendant from "Trinna" referencing sex acts between the defendant, the victim, and Trinna. An examination of the internet history on the phone revealed activity on the website "backpages.com." Examiner Howe located photographs of the victim in the defendant's apartment on the phone in which is she is only wearing a towel. There are photographs on the cell phone of the victim at defendant's place of employment, Domino's Pizza. Further, there is evidence on the phone that it belonged to the defendant including: "selfie" type photographs of the defendant, his email address/account (ceoofmajorplayerent@gmail.com), a photograph of his work schedule at Domino's, a photograph of a list of phone numbers with the ZTE cell phone number for the defendant listed as his phone number, and photographs of the defendant's genitals. Also on the cell phone, Examiner Howe located messages that indicated that the defendant may sell drugs. Multiple images of male and female genitals were located on the cell phone.

In May of 2017, the victim was interviewed by FBI Special Agent Nikki Badolato regarding the allegations against the defendant. She was consistent with her earlier interview. S.J. was shown the images and videos of child pornography from the ZTE cell phone and confirmed for SA Badolato that she is the female child depicted in this images. S.J. told SA Badolato that she remembered that the owner of Pure Pleasure called the defendant by the nickname, "New York." S.J. also remembered during of the trips to Pure Pleasure, S.J. had to perform sex acts on another woman "Latrina" while other people watched. Later, once the videos had been discovered on the ZTE cell phone, the victim identified herself as the child performing sex acts on the defendant in those videos.

In conclusion, the defendant possessed at least three videos and one image of child pornography on his ZTE cell phone. The image depicted a minor child, S.J., in a lascivious exhibition of her genitals. The three videos of child pornography depicted the following: the 1st video depicted the minor female child S.J. performing oral sex on the defendant, the 2nd video depicted S.J. performing vaginal sex on the defendant and a 3rd video depicted S.J. in a lascivious display of her genitals. The defendant knew S.J. was a minor and knowingly possessed the

child pornography images and videos of her on his ZTE cell phone. The defendant's
ZTE cell phone has traveled in interstate and foreign commerce.

(ECF No. 139 at 4-6.)

As reflected in the terms of the guilty plea agreement, all of the child pornographic videos and images that were charged in the indictment were located on Phillips' ZTE cell phone. (Id. at 5.) Phillips agreed under oath at the plea hearing and by signing the plea agreement that images and videos of produced child pornography were located on his ZTE cell phone that had been found in his car. (Id. at 4.) Phillips twice unsuccessfully attempted to have the evidence located on the cell phone suppressed. (ECF Nos. 34, 108, 124.) There was substantial proof that Phillips was the owner of the ZTE phone. There were text messages on the phone between Phillips and the victim, text messages between Phillips' ex-girlfriend "Brandi" and him, Phillips' work schedule, photographs of him at work, and numerous "selfie" style photographs of Phillips in different places. (ECF No. 139 at 6.)

In addition, the victim, S.J., who made a statement at Phillips' sentencing, was cooperative with law enforcement and it is probable she would have testified at trial that Phillips produced the images and videos of her, which is substantial evidence that he manufactured and possessed them. The nature of the victim's likely testimony is evident from the final supervised release revocation hearing held on March 8, 2018, in Phillips' case before Judge Ross, 4:12-CR-161 JAR (E.D. Mo.). As stated previously, the petition to revoke Phillips' supervised release in that case was based on the conduct charged in Case No. 4:17-CR-273 RLW.

At the revocation hearing, the government called FBI Agent Nikki Badolato, who testified that she interviewed the victim, S.J., and showed her the videos and images from Phillips' cell phone. The agent testified that S.J. positively identified the images that were of her, and also identified her own and Phillips' voices in some of the videos that contained audio. (Sup. Rel. Hrg.

Tr., 4:12-CR-161 JAR, ECF No. 177 at 13-14, 17.)[6] Agent Badolato testified that S.J. identified in one video that she was performing oral sex on Phillips and also identified their voices in that video, identified two other videos in which she was having vaginal sexual intercourse with Phillips, and identified that in another she was masturbating and Phillips was audibly giving her directions. (Id. at 19-20). Agent Badolato testified that with respect to another video, S.J. identified that she was providing oral sex to Phillips while wearing a shirt that belonged to Phillips. (Id. at 21.) Agent Badolato also testified that S.J. identified some images of herself sitting on a couch in Phillips' apartment, "covering her private areas with her arms and her legs." (Id. at 22.)

Phillips was charged with Production of Child Pornography for producing the images and videos on the ZTE cell phone that was found in his possession and which contained significant personal information related to him. There was substantial circumstantial and forensic evidence that pointed to Phillips being the person that engaged in sex with the minor in the videos, created the videos and images and, therefore, possessed the videos and images of child pornography. At trial the victim would likely have testified that Phillips was one who produced and, therefore, possessed those child pornography files located on his cell phone.

Under these facts and circumstances, Mr. Herman was not ineffective for failing to raise a defense that Phillips did not possess the child pornography images and videos because they were found in unallocated space on his cell phone. In light of the government's evidence, this was a weak proposition and would not have offered a viable defense at trial. Mr. Herman sought to suppress the evidence in two separate motions and had an independent computer forensic analyst review the cell phone forensics (ECF No. 132). Counsel was able to negotiate on Phillips' behalf a plea agreement to the lesser-included offense of possession of child pornography rather than

---

[6]The page citations to the transcript of the supervised release revocation hearing are to the CM/ECF pagination, not to the page numbers on the transcript itself.

production, with a sentence that was less than the mandatory minimum of the original charge. Counsel's performance in this regard did not fall below an objective standard of reasonableness. Strickland, 466 U.S. at 687-88.

Further, Philips cannot establish prejudice. "[W]here the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." Hill, 474 U.S. at 59. Given the substantial evidence of Phillips' possession of the videos and images, a reasonable jury could readily find that Phillips knowingly possessed them, though there were located in unallocated space on his cell phone. The defense is highly unlikely to have succeeded at trial, and this ground will be denied.

## 2. Failure to Raise Affirmative Defense

Finally, Phillips also his attorney was ineffective because he failed to raise an affirmative defense under 18 U.S.C. § 2252A(d), which provides:

> **(d) Affirmative defense.**—It shall be an affirmative defense to a charge of violating subsection [2252A](a)(5) that the defendant—
>
> (1) possessed less than three images of child pornography, and
>
> (2) promptly and in good faith, without retaining or allowing any person, other than a law enforcement agency, to access any or copy thereof—
>
>> (A) took reasonable steps to destroy each such image; or
>>
>> (B) reported the matter to a law enforcement agency and afforded that agency access to each such image.

18 U.S.C. § 2252A(d).

This affirmative defense was not available to Phillips because he was indicted under 18 U.S.C. § 2251(a), and the affirmative defense under § 2252A(d) does not apply to § 2251. Had Phillips not pled guilty, pursuant to plea negotiations, to a superseding information that charged the lesser-included offense of Possession of Child Pornography under § 2252A, the government

would have proceeded to trial on the original charges of Production of Child Pornography under Section 2251, which carries a much higher range of punishment and does not allow for the affirmative defense in Section 2252A(d).

Further, even if Phillips had gone to trial on charges of violating § 2252A, he was not eligible to use the affirmative defense under § 2252A(d), because he possessed more than three images of child pornography: The superseding indictment (ECF No. 136) lists five files of child pornography, and at least six videos and images of child pornography from Phillips' cell phone were introduced as exhibits at his supervised release revocation hearing before Judge Ross. The affirmative defense under Section 2252A(d) is only available for persons who possessed less than three images of child pornography, and either promptly took reasonable steps to destroy the images or report them to law enforcement.

For these reasons, the affirmative defense under § 2252A was not available to Phillips and any argument concerning this defense would have been without merit. Counsel will not be held ineffective for failing to make a meritless argument. Thomas, 951 F.2d at 904. Phillips cannot show prejudice where the defense was not available to him. This ground will be denied.

## V. Conclusion

For the foregoing reasons, the Court concludes that Nakia Phillips' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence should be denied in all respects and dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Nakia Phillips' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 1) is **DENIED**.

27

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability as to any of the claims raised in Movant's § 2255 Motion.  See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); Miller-El v. Cockrell, 537 U.S. 322, 342 (2003).

A separate judgment will accompany this Memorandum and Order.


_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**


Dated this 14th day of March, 2023.